**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

CARLOS MENDOZA, individual, and as guardian of L.M., his minor child,

       Plaintiff-Appellant,

v.

CITY OF VANCOUVER, a Municipality; et al.,

       Defendants-Appellees.

</td><td>

No.   17-35790

D.C. No. 3:16-cv-05677-RJB

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Argued and Submitted December 3, 2018
Seattle, Washington

Before: W. FLETCHER, BYBEE, and WATFORD, Circuit Judges.

Carlos Mendoza appeals the district court's grant of summary judgment in

favor of defendant Sergeant Barbara Kipp on the basis of qualified immunity.

Mendoza brought suit under 42 U.S.C. § 1983 alleging Kipp had deprived him of

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

his Fourteenth Amendment right to familial association when she took his one-year-old son from his custody without a warrant. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

We review de novo a district court's decision to grant summary judgment on the basis of qualified immunity. *Prison Legal News v. Lehman*, 397 F.3d 692, 698 (9th Cir. 2005). "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Demaree v. Pederson*, 887 F.3d 870, 878 (9th Cir. 2018) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). Under the two-pronged qualified immunity test at the summary judgment stage, we ask 1) whether the facts, viewed in the light most favorable to the plaintiff, show that the officer violated a constitutional right, and 2) whether that right was "clearly established" at the time of the alleged violation. *See id.* We may begin our analysis with either prong. *Pearson*, 555 U.S. at 236.

Under the Fourteenth Amendment, officials who take a child into custody without a warrant must "have reasonable cause to believe that the child is likely to experience serious bodily harm in the time that would be required to obtain a warrant." *Rogers v. County of San Joaquin*, 487 F.3d 1288, 1294 (9th Cir. 2007).

2

However, the contours of this right are clearly established under a particular set of circumstances only if it is "beyond debate that the confluence of factors" facing an officer "would not support a finding of exigency." *Kirkpatrick v. County of Washoe*, 843 F.3d 784, 793 (9th Cir. 2016).

Here, it was not "beyond debate that the confluence of factors" facing Sargent Kipp on the evening of December 10, 2014 "would not support a finding of exigency." *See id.* The district court therefore correctly granted summary judgment to Sergeant Kipp on the basis of qualified immunity. Because the second prong of the qualified immunity test is determinative in this case, we express no views on whether a violation of Mendoza's constitutional rights occurred.

**AFFIRMED.**